THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICEO DAWSON,<br><br>                Plaintiff,<br>     v.<br><br>GENESIS CREDIT MANAGEMENT, LLC,<br><br>                Defendant. | CASE NO. C17-0638-JCC<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE |

This matter comes before the Court on Plaintiff Mauriceo Dawson's motion to strike Defendant Genesis Credit Management's affirmative defenses (Dkt. No. 11). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

Plaintiff alleges he was subject to unlawful debt-collection efforts by Defendant, (Dkt. No. 1-1), and moves to strike all of Defendant's affirmative defenses, (Dkt. No. 11). The Federal Rules of Civil Procedure provide that "[t]he court may strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). To determine whether a defense is "insufficient," the Court asks whether it gives the plaintiff fair notice of the defense. *Simmons v. Navajo County*, 609 F.3d 1011, 1023 (9th Cir. 2010) (citing *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979)). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money

that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quotation marks and indications of alteration omitted), *overruled on other grounds*, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). "In the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak*, 607 F.2d at 826 (citing Fed. R. Civ. P. 15(a)).

Here, Defendant's conclusory and vague affirmative defenses fail to give Plaintiff fair notice. For example, the statute of limitations defense, in its entirety, states, "Some or all of Plaintiff's claims are barred by the statute of limitations." (Dkt. No. 10 at 5.) The equitable defenses suffer from the same error; Defendant merely asserts a list of potential defenses, nothing else. (*Id.* at 6.) The only defense which contains any detail is the *bona fide* error defense. (*Id.*) However, Defendant fails to identify the *bona fide* error itself, thereby depriving Plaintiff of fair notice. Using affirmative defenses as "placeholders" without any factual support or specificity is inappropriate. Therefore, the Court concludes that all of Defendant's affirmative defenses are insufficient and must be stricken.

For the foregoing reasons, Plaintiff's motion to strike (Dkt. No. 11) is GRANTED and Defendant's affirmative defenses are STRICKEN. The Court concludes leave to amend would not prejudice Plaintiff. Defendant may amend its affirmative defenses within 14 days from the date of this order. Any amended affirmative defenses must give Plaintiff fair notice, i.e., specify which defenses apply to which claims, cite relevant statutes, and enumerate relevant facts.

DATED this 26th day of June 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE
PAGE - 2