UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MAURICEO DAWSON, | CASE NO. C17-0638-JCC |
| Plaintiff, | ORDER |
| v. | |
| GENESIS CREDIT MANAGEMENT, LLC, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for partial summary judgment (Dkt. No. 16) and motion to strike (Dkt. No. 18). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part Plaintiff's motion for partial summary judgment (Dkt. No. 16), and GRANTS in part and DENIES in part Plaintiff's motion to strike (Dkt. No. 18).

**I.    BACKGROUND**

Plaintiff Mauriceo Dawson ("Dawson") brings this lawsuit against Defendant Genesis Credit Management, LLC, ("Genesis") for alleged violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Washington Collection Agency Act ("WCAA"), Revised Code of Washington section 19.16.250.

From 2008 to 2014, Dawson lived at the Sunset Park apartments ("Sunset") in Seattle. (Dkt. No. 16-2 at 1–2.) In January 2014, Dawson signed a new six-month lease agreement that

converted into a month-to-month tenancy upon expiration. (Dkt. No. 16-1 at 13.) At some point in November 2014, Dawson informed Sunset that he was terminating his tenancy and would vacate the apartment by the end of the month. (*Id*. at 3; Dkt. No. 17-1 at 9.)

After Dawson moved out, Sunset identified several charges that he allegedly owed under the lease agreement. (Dkt. No. 16-1 at 9.) In June 2016, Sunset assigned the unpaid debt to Genesis for collection. (*Id*. at 8.) Genesis called Dawson multiple times to try and collect the debt. (Dkt. Nos. 16-1 at 21–27, 16-2 at 4.) On December 29, 2016, Genesis filed a lawsuit in King County District Court seeking a judgment on the debt. (Dkt. No. 16-1 at 29–30.)

Dawson claims that Genesis made misleading statements about the debt, and that he did not owe the amount sought. (Dkt. No. 16 at 8.) He seeks summary judgment on the issue of Genesis's liability under FDCPA and WCAA. (*Id*. at 2.) If Genesis violated WCAA, Dawson also asks the Court to rule that he is entitled to collect civil penalties under the Washington State Consumer Protection Act ("CPA"), Revised Code of Washington section 19.86.140. (*Id*. at 12.)

## II.    DISCUSSION

### A.    Dawson's Motion to Strike

Dawson moves to strike the declarations of Mary Cobley and Crystal Salas, and a document titled "Notice of Intention to Vacate," all of which were attached to Genesis's response. (Dkt. No. 18 at 2–7.)[1] Dawson argues that the declarations should be stricken because they lack foundation and contain inadmissible hearsay. (*Id*. at 2.) Declarations presented at summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated. Fed. R. Civ. P. 56(c)(4). So long as a party complies with Federal Rule of Civil Procedure 56, "it does not necessarily have to produce evidence in a form that would be admissible at trial . . . ." *Block v.*

---

[1] Genesis filed a surreply opposing Dawson's motion to strike (Dkt. No. 20). Genesis's filing was improper because surreplies are only allowed when authorized by the Court or when they contain a request to strike material from a reply brief. *See* Local Civ. R. 7(g). Neither situation applies in this case, and the Court will not consider Genesis's surreply.

*City of Los Angeles*, 253 F.3d 410, 418–19 (9th Cir. 2001). Cobley is Sunset's custodian of records and Salas is Genesis's President. (Dkt. Nos. 17-1, 17-2.) The Court finds that their declarations contain testimony that could be admissible at trial and for which both declarants are competent to testify. To the extent that statements in the declarations do not meet the requirements of Rule 56, they will not be considered by the Court.

Dawson asserts that Genesis did not provide the Notice of Intention to Vacate document in discovery, despite the company's agent testifying during her deposition that she was unaware of such a document. (Dkt. No. 18-2 at 7.) The Court can exclude information that was improperly withheld in discovery. Fed. R. Civ. P. 37(c)(1). Here, it is appropriate to exclude the document because Genesis did not produce it until its response to summary judgment, despite Dawson's specific inquiry about whether such a document existed. (Dkt. No. 18-2 at 7.) The Court therefore STRIKES the Notice of Intention to Vacate Document (Dkt. No. 17-1 at 8).

### B.     Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making such a determination, the Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby*, *Inc.*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party "must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). When the party moving for summary judgment also bears the burden of persuasion at trial, "to prevail on summary judgment it must show that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008) (citation and internal quotation marks omitted).

### C.     The Fair Debt Collections Practices Act

Congress enacted FDCPA to eliminate abusive debt collection practices by debt

collectors. 15 U.S.C. § 1692. The statute imposes strict liability on debt collectors, meaning violations do not have to be knowing or intentional. *Reichert v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1005 (9th Cir. 2008). Whether a debt collector's conduct violates FDCPA provisions "requires an objective analysis that considers whether 'the least sophisticated debtor would likely be misled by a communication.'" *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010). In the Ninth Circuit, whether an FDCPA violation has occurred is a question of law. *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014).

There is no dispute between the parties that Genesis is a debt collector subject to FDCPA liability or that the debt it sought to collect falls within the statute's purview. Dawson asserts that Genesis violated § 1692e and § 1692f of the FDCPA. (Dkt. No. 16 at 9–11.)[2] Under § 1692e, "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Under § 1692f, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

First, Dawson asserts that Genesis misrepresented the amount owed. When Sunset assigned Dawson's debt to Genesis in June 2016, it listed the principal as $1,632.67, with interest of $391.52, for a total debt of $2,309.19. (Dkt. No. 16-1 at 8.) Dawson has produced evidence that a Genesis representative called him in June 2016 and asserted that he owed between $2000 and $4000. (*See* Dkt. Nos. 16-1 at 21–27, 16–2 at 5.) Genesis does not dispute that these communications occurred or provide evidence as to how Dawson could have owed up to $4000, when the total debt assigned by Sunset was for $2,309.19. (Dkt. No. 16-1 at 8.)

Second, Dawson alleges that there is no legal basis for some or all of the underlying debt Genesis attempted to collect. Sunset provided an itemized list of charges when it assigned Dawson's debt to Genesis. (Dkt. No. 16-1 at 11–12.) These included: a penalty for giving

---

[2] While Dawson lists several provisions under each section that Genesis allegedly violated, it is not necessary to address each provision individually because "a single violation of any provision of the Act is sufficient to establish civil liability under the FDCPA." *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997).

insufficient notice of termination; a prorated charge for rent, parking, and utilities for the period when Dawson failed to vacate the apartment; a charge for unreturned parking permits; the cost of drywall and blinds; and a charge for painting and painting supplies. (*Id*. at 11.)

While the Court finds that there are material disputes of fact regarding the propriety of some of these charges[3], the undisputed evidence demonstrates that there was no basis for others. For example, Dawson points out that his lease did not require tenants to return parking permits or allow Sunset to impose a fee if permits were unreturned. (Dkt. No. 16-2 at 3–4.) The lease is silent about parking permits, and Genesis has not provided any evidence to show Dawson was obligated to pay the $100 fee that was included in his total debt. (Dkt. No. 16-1 at 13–15.)

Similarly, Dawson argues that the lease did not require him to pay for painting. The lease documents that Dawson signed while he lived at Sunset provided that if a tenant resided their longer than 18 months, they are not charged for painting. (*Id*. at 13, 19.) There is no dispute that Dawson resided at Sunset since 2008. (*See* Dkt. No. 16-1 at 17.) Nor does Genesis provide any evidence to rebut Dawson's assertion that the lease did not require him to pay the $465 painting charge included in his total debt.

The Court finds that Genesis's conduct violated § 1692e because its attempts to collect on the debt included false representations about the amount owed that would have misled the least sophisticated debtor. *See* 15 U.S.C. § 1692e(2); *Donohue*, 592 F.3d at 1033. In addition, the Court finds that the communications violated § 1692f because they were an unfair attempt to collect amounts that were not expressly authorized by the assignment Genesis received from Sunset in June 2016, nor legally owed by Dawson. *See* 15 U.S.C. § 1692f(1).[4] The same conduct

---

[3] There is a genuine dispute regarding whether Dawson provided sufficient notice to vacate the apartment and returned the keys before he vacated. (*Compare* Dkt. Nos. 16-2 at 2–3 *with* 17-1 at 9–10.) Viewed in the light most favorable to Genesis, Dawson could have been liable for penalties under the lease agreement.

[4] Having found Genesis liable under § 1692e and § 1692f, the Court does not find it necessary to discuss Dawson's other arguments regarding liability. "The fact that numerous violations of the FDCPA are predicated upon one set of circumstances *should* be considered and

ORDER
C17-0638-JCC
PAGE - 5

by a debt collector can violate multiple provisions of the FDCPA. *Clark*, 460 F.3d at 1177.

Genesis asserts that it was "entitled to rely on their client's information" when it attempted to collect from Dawson. (Dkt. No. 17 at 4.) (citing *Clark*, 460 F.3d at 1177). Genesis overstates the extent to which it can rely on Sunset's representations regarding Dawson's debt. A debt collector can avoid liability if it "shows by a preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such an error." 15 U.S.C. § 1692k(c). This is an affirmative defense for which the debt collector has the burden of proof at trial. *Fox v. Citicorp Credit Servs., Inc.*, 15 F.3d 1507, 1514 (9th Cir. 1994).

Genesis cannot assert the bona fide error defense because the Court previously struck it from Genesis's answer. (*See* Dkt. No. 15.) The Court gave Genesis an opportunity to amend its answer to include additional facts in support of its defense, but it never did so. (*Id*.) Genesis cannot avoid liability by merely stating that it was allowed to rely on Sunset's representations. The Court finds that Dawson has met his burden to show Genesis violated FDCPA and GRANTS Dawson's motion for summary judgment on the issue of Genesis's liability.

### D. The Washington Collection Agency Act

The WCAA is Washington's counterpart to the FDCPA. *Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 897 (Wash. 2009). "Like the FDCPA, it prohibits collection agencies from making false representations as to the legal status of a debt, threatening the debtor with impairment of credit rating, attempting to collect amounts not actually owed, or implying legal liability for costs not actually recoverable, such as attorney fees or investigation fees, among other practices." *Id*. (citing Wash. Rev. Code § 19.16.250).

WCAA does not provide a debtor with a cause of action. *Genschorck v. Suttell & Hammer, P.S.*, No. 12-CV-0615-TOR, slip op. at 3 (E.D. Wash. Nov. 21, 2013) (citing *Connelly*

---

[] it is best considered during the calculation of damages." *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006) (emphasis in original).

*v. Puget Sound Collections, Inc.*, 553 P.2d 1354 (Wash. 1976)). Rather, a violation of WCAA represents a per se violation of the CPA. Wash. Rev. Code. § 19.16.440; *Evergreen Collectors v. Holt*, 803 P.2d 10, 12 (Wash. Ct. App. 1991). Once a plaintiff establishes a per se violation of the CPA, she need only demonstrate that the violation proximately caused injury to her person or property. *Panag*, 204 P.3d at 885 (citation omitted).

          1.   Per Se Violations of Consumer Protection Act.

Dawson argues that Genesis violated two provisions of WCAA. The first prohibits "the collection, or attempted collection, of any amounts in addition to the principal of a claim other than allowable interest, collection costs, or handling fees expressly authorized by statute . . . ." Wash. Rev. Code § 19.16.250(21). The second prohibits a collection agency from "represent[ing] or imply[ing] that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor." Wash. Rev. Code § 19.16.250(15). Dawson asserts that Genesis violated both provisions when it misrepresented the amount of debt he actually owed. (Dkt. No. 16 at 12.)

The Court finds that Genesis violated Revised Code of Washington section 19.16.250(21) when it attempted to collect amounts not owed by Dawson. The Washington Supreme Court has noted that WCAA protects consumers against attempts to collect "amounts not actually owed." *Panag*, 204 P.3d at 897. As stated above, the undisputed evidence demonstrates that some of the debt Genesis attempted to collect from Dawson—e.g. for unreturned parking permits and painting—were not owed. *See* Part II.C. *supra*. These amounts are in addition to the principal of a claim, and Genesis violated the statute when it attempted to collect them from Dawson.

The Court does not find, however, that Genesis's conduct violated Revised Code of Washington section 19.16.250(15). Dawson has not presented evidence that Genesis represented that his debt had been or would be increased with the types of charges listed in the statute. While Dawson characterizes amounts not owed as "charges," the statute specifically lists the applicable

fees and charges—e.g. attorney fees, investigation fees, and service fees. Wash. Rev. Code § 19.16.250(15). Genesis did not add or threaten to add such fees to Dawson's obligation.

### 2. Injury and Causation

Having proved a per se violation of the CPA, Dawson must demonstrate that Genesis's violation caused him to be injured in his person or property. "A plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Panag*, 204 P.3d at 900 (citation omitted). A plaintiff need not remit debt payments in order to prove injury. *Id*. at 902. The Washington State Supreme Court has held that the expenses incurred in consulting a lawyer about a debt or the costs of investigating a debt are sufficient to demonstrate an injury under the CPA. *Id*. (citations omitted).

The Court finds that Dawson has provided sufficient evidence to demonstrate Genesis's collection efforts caused him to be injured. In his declaration, Dawson asserts that he was forced to take several hours off of work to deal with Genesis's collection efforts and incurred costs when he sought the services of an attorney to determine what his legal obligations were based on Genesis's representations regarding his debt. (Dkt. No. 18-1 at 2.) Contrary to Genesis's position that "[t]he complaint lacks any factual allegations that would support a finding of actual damages," the CPA does not require proof of actual damages. (Dkt. No. 17 at 6.); *Nordstrom, Inc. v. Tampourlos*, 733 P.2d 208, 211 (Wash. 1987) (the CPA "uses the term 'injured' rather than suffering 'damages.' This distinction makes it clear that no monetary damages need be proven, and that nonquantifiable injuries, such as loss of goodwill would suffice . . . .") Moreover, but for Genesis's attempts to collect amounts not owed, Dawson would not have incurred an injury. The Court finds that Dawson has met his burden to show Genesis violated CPA, and GRANTS Dawson's motion for summary judgment on the issue of Genesis's liability.

### E. Civil Penalties Under RCW 19.86.140

Dawson asks the Court to rule that he is entitled to civil penalties for Genesis's violations of the CPA. Genesis counters that civil penalties are not a remedy available to private plaintiffs.

Defendants who commit unfair or deceptive practices in violation of the Consumer Protection Act are subject to civil penalties. Rev. Code. Wash. § 19.86.140. "Every person who violates RCW 19.86.020 shall forfeit and pay a civil penalty of not more than two thousand dollars for each violation." *Id*. The only Washington court opinions to comment on the applicability of the civil penalties provision have stated it is not recoverable by private plaintiffs. *See Aungst v. Roberts Const. Co.*, 625 P.2d 167, 169 (Wash. 1981) ("Moreover, under RCW 19.86.140, every person who is liable to private parties for violations of RCW 19.86.020, .030 or .040 is also subject to a civil penalty *if sought by the Attorney General*.") (emphasis added) (citing *Stigall v. Courtesy-Chevrolet-Pontiac, Inc.*, 551 P.2d 763 (Wash. Ct. Appl. 1976)).

The Court is not aware of a case that supports Dawson's position. Indeed, in those cases where courts have granted civil penalties, the plaintiff was the State of Washington. *See, e.g.*, *State v. Ralph Williams' N. W. Chrysler Plymouth, Inc.*, 553 P.2d 423 (Wash. 1976); *State v. Mandatory Poster Agency, Inc.*, 398 P.3d 1271 (Wash. Ct. App. 2017). Dawson's position is based on the statutory construction principle *expressio unius est exlusio alterius*.[5] Dawson points out that the statute is silent about who can seek civil penalties for violations of Revised Code of Washington section 19.86.020 whereas it expressly states that "with respect to violations of RCW 19.86.030 and 19.86.040 the attorney general, acting in the name of the state, may seek recovery of such penalties in a civil action." Wash. Rev. Code § 19.86.140.

The Court disagrees with Dawson's interpretation for two reasons. First, *expressio unius est exlusio alterius* would support the conclusion that private citizens cannot recover civil penalties because the provision explicitly mentions the attorney general—in other words, private citizens are excluded from recovery because they are not mentioned. Second, the CPA's civil-suit provision provides the remedies available to plaintiffs and does not include civil penalties.

---

[5] The rule that when one or more things of a class are expressly mentioned others of the same class are excluded. Clifton Williams, "*Expressio Unius Est Exclusio Alterius*", 15 Marq. L. Rev. 191 (1931).

Wash. Rev. Code § 19.86.090. That provision reads: "Any person who is injured in his or her business or property by a violation of RCW 19.86.020 . . . [may] recover the actual damages sustained by him or her, or both, together with the costs of the suit, including a reasonable attorney's fee. In addition, the court may, in its discretion, increase the award of damages up to an amount not to exceed three times the actual damages sustained . . . ." *Id*. That provision neither mentions civil penalties nor references Revised Code of Washington section 19.86.140.

The Court cannot conclude that Dawson can recover civil penalties under the CPA.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for partial summary judgment (Dkt. No. 16) and motion to strike (Dkt. No. 18) are GRANTED in part and DENIED in part. The Court RULES that:

1. The Notice of Intent to Vacate document (Dkt. No. 17-1 at 8) is STRICKEN.
2. Genesis violated 15 U.S.C. § 1692e and § 1692f.
3. Genesis violated Revised Code of Washington section 19.16.250(21).
4. Genesis's violation of Revised Code of Washington section 19.16.250(21) was also a violation of Revised Code of Washington section 19.86.020.
5. Dawson is not entitled to recover civil penalties under Revised Code of Washington section 19.86.140.

DATED this 27th day of November.

John C. Coughenour
UNITED STATES DISTRICT JUDGE